Vincent GIATTINO, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

Docket No. 01–2354.

United States Court of Appeals, Second Circuit.

Feb. 15, 2002.

8

Bobbi C. Sternheim, New York, NY, for Appellant.

Jodi Avergun, Assistant United States Attorney, Brooklyn, NY, for Appellee.

Present POOLER, and SOTOMAYOR, Circuit Judges, LEWIS A. KAPLAN, District Judge.*

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of said District Court be and it hereby is **AFFIRMED.**

Vincent Giattino appeals from an order denying his motion, made under 28 U.S.C. § 2255, for vacation of his conviction. On November 24, 1999, Giattino filed a Section 2255 motion dated April 16, 1997, in the Office of the Clerk of the United States District Court for the Eastern District of New York. In an accompanying affidavit, Giattino explained that this motion was a photocopy of one he had mailed to the Clerk's office on April 14, 1997. He noted that in 1997 he was aware of a need to file his petition by April 23, 1997, under the new Anti–Terrorism and Effective Death Penalty Act's one year statute of limitations, 28 U.S.C. § 2255 ¶ 6. Giattino also said that he was "quite certain" of the date of mailing because it was his birthday. Robert M. Barry, an inmate law clerk, submitted an affidavit in which he claimed that he observed Giattino placing the motion in a legal mailbox and that the two joked that the petition was Giattino's birthday present to himself. Giattino claimed that he was lulled into inaction during the months after his mailing by another inmate's assurance that the courts were overwhelmed with Section 2255 motions due to the new accelerated filing deadline. By January 1999, Giattino had become concerned enough to ask Barry whether the delay in his case was unusual. Barry's wife called the Clerk's office on Giattino's behalf and found that the Clerk had no record of ever receiving Giattino's motion.

Giattino's motion is based on the alleged failure of the government to disclose a witness' prior cooperation with law enforcement and on ineffective assistance of counsel. In his affidavit, Giattino claimed that his attorney, James Froccaro, denied him the right to testify in his own defense.

* The Honorable Lewis A. Kaplan, United States District Court Judge for the Southern District of New York, sitting by designation.

Froccaro submitted an affidavit in which he stated that he "did not permit [Giattino] to testify at trial."

The district court (Reena Raggi, *Judge*) appointed counsel for Giattino and scheduled a hearing to consider the timeliness of his petition and the merits of his ineffective assistance of counsel claim. Giattino, Froccaro, and the Assistant United States Attorney who prosecuted Giattino testified at the hearing.

At the close of the hearing, Judge Raggi denied Giattino's petition, finding that it was untimely and, in any case, lacked merit. She nevertheless granted a certificate of appealability on both timeliness and ineffective assistance of counsel. With respect to the timeliness issue, the judge found Giattino's testimony that he mailed the motion in mid-April 1997 to be incredible. She cited several factors supporting her conclusion including Giattino's initial assertion that he was certain he mailed the motion on April 14, 1997, which conflicted with the date of the motion; Giattino's failure to explain this discrepancy at the hearing; the general incoherence of Giattino's testimony; and the long delay between Giattino's learning that his motion had not been received by the court and his filing of an alleged copy.

On appeal, Giattino argues that trial counsel was deficient in prohibiting Giattino from testifying in his own behalf and, citing *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), that his motion should have been deemed timely under the so-called "prison mailbox rule." Giattino fails to confront directly or plausibly the district court's factual finding that he did not attempt to file his motion at any time "up to early 1998," which, because Giattino had a direct appeal pending until November 1996 and was entitled to an additional period to file a certiorari petition, the district court found was the latest

possible time during which he could have filed his motion. We may reverse this factual finding—and thus reach Giattino's arguments—only if it is clearly erroneous. Fed.R.Civ.P. 52(a); *cf. Whaley v. Rodriguez*, 840 F.2d 1046, 1050 (2d Cir.1988) (holding on appeal from a district court's grant of a habeas petition that this court may reject "the district court's findings of basic historical fact, if they are clearly erroneous"). The district court carefully considered Giattino's testimony and gave persuasive reasons for rejecting it. Therefore, there was no clear error in the court's finding that Giattino's motion was not timely, and we do not reach Giattino's arguments concerning the ineffectiveness of his counsel or the prison mailbox rule.